## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Honorable Andre M. Espinosa |
| v. | Mag. No. 21-11087 |
| BYSON ALSTON, COREY ALSTON, and SUPREME MCKINNEY | **CRIMINAL COMPLAINT** |

I, Yanelisa Reyes, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the Federal Bureau of Investigation ("FBI"), and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

_s/ Y. Reyes_
Special Agent Yanelisa Reyes
United States Department of Justice
Federal Bureau of Investigation

Sworn to before me and subscribed via telephone,
April 29, 2021 in Newark, New Jersey
Authorized telephonically pursuant to Fed. R. Crim. P. Rule 4.1

_[signature]_

HONORABLE ANDRE M. ESPINOSA
UNITED STATES MAGISTRATE JUDGE

Signature of Judicial Officer

## ATTACHMENT A

### COUNT ONE
(Conspiracy to Distribute Cocaine)

From in or around October 15, 2020 to in or around April 7, 2021, in Essex County, in the District of New Jersey and elsewhere, the defendants,

**BYSON ALSTON,**
**COREY ALSTON, and**
**SUPREME MCKINNEY,**

knowingly and intentionally conspired with other persons, known and unknown, to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance and cocaine base, a Schedule II controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

In violation of Title 21, United States Code, Section 846.

## **ATTACHMENT B**

I, Yanelisa Reyes, am a Special Agent with the Federal Bureau of Investigation ("FBI"). I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and photographs of the evidence. Where statements of others are related herein, they are related in substance and part. Because this complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1. On or about October 15, 2020, a confidential informant ("CI-1") made telephonic contact with an individual known to him/her as Corey Alston ("C. ALSTON"). CI-1 is familiar with C. ALSTON based on prior narcotics purchases. C. ALSTON agreed to the purchase and asked CI-1 to meet him in the area of the Ramada Bay by Wyndham in East Orange, New Jersey ("RAMADA").

2. CI-1 was searched for contraband by law enforcement prior to meeting with C. ALSTON. CI-1 met with C. ALSTON and purchased approximately 25.6 grams of heroin and 33.1 grams of cocaine base for $600 in U.S. currency.

3. In or around the week of October 26, 2020, CI-1 made telephonic contact with C. ALSTON to arrange a narcotics purchase. C. ALSTON agreed to the transaction and asked CI-1 to meet him at the RAMADA.

4. CI-1 was searched for contraband by law enforcement prior to meeting with C. ALSTON. CI-1 met with C. ALSTON and purchased approximately 26.9 grams of cocaine base for $200 in U.S. currency.

5. In or around the week of or about November 2, 2020, CI-1 made telephonic contact with C. ALSTON to arrange a narcotics purchase. C. ALSTON agreed to the transaction and asked CI-1 to meet him at the RAMADA.

6. CI-1 was searched for contraband by law enforcement prior to meeting with C. ALSTON. CI-1 met with C. ALSTON and purchased approximately 35.0 grams of cocaine base for $800 in U.S. currency.

7. In or around the week of March 29, 2021, CI-1 made telephonic contact with C. ALSTON to arrange a narcotics purchase. C. ALSTON agreed to the transaction and asked CI-1 to meet him at room 524 in the RAMADA.

8. CI-1 was searched for contraband by law enforcement prior to responding to room 524. Upon the arrival of CI-1, he/she was met by a male,

later identified as Byson Alston ("B. ALSTON"). CI-1 entered room 524 and advised B. ALSTON that he/she wanted $400 worth of cocaine base. B. ALSTON then opened a drawer located in the nightstand between the two beds in the hotel room and withdrew bags of suspected cocaine base. CI-1 observed that B. ALSTON had drugs and U.S. currency on top of the nightstand and was armed with a firearm.

9. B. ALSTON gave CI-1 18 bags of suspected cocaine base and completed the purchase. During the purchase, CI-1 also observed another male in the room. This male was later identified as Supreme McKinney ("MCKINNEY"). MCKINNEY appeared to be on a phone call for the duration of the purchase. Further investigation revealed that room 524 had been rented by MCKINNEY and was under his name.

10. In or around the week of April 5, 2021, CI-1 made telephonic contact with C. ALSTON to arrange a narcotics purchase. C. ALSTON agreed to the transaction and asked CI-1 to meet him at the Ramada.

11. CI-1 was searched for contraband by law enforcement prior to meeting with C. ALSTON. CI-1 met with C. ALSTON and purchased approximately 36.0 grams of cocaine base for $500 in U.S. currency.

12. On or about March 2, 2021, law enforcement conducted surveillance at the Ramada. Officers observed several men and women gathered in front of the hotel. MCKINNEY came out of the RAMADA and engaged in a suspected hand-to-hand drug transaction with a male standing outside. Once the purchase was complete, MCKINNEY re-entered the Ramada.

13. In or around the week of April 19, 2021, CI-1 made telephonic contact with C. ALSTON to arrange a narcotics purchase. C. ALSTON agreed to the transaction and asked CI-1 to meet him at the Ramada.

14. CI-1 was searched for contraband by law enforcement prior to meeting with C. ALSTON. At the pre-arranged time, B. ALSTON met with CI-1 instead. B. ALSTON sold CI-1 approximately 4.8 grams of suspected cocaine base.